IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

_____

Kimberly Pellett and Chelsea Hill on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

TCF Bank, N.A. and TCF Financial Corporation, d/b/a TCF Bank, N.A.

        Defendants.

Case No. 0:10-cv-03943-DSD-FLN

The Honorable David S. Doty

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

_____

Plaintiffs Kimberly Pellett and Chelsea Hill ("Plaintiffs") respectfully move this Court to stay further proceedings in the above-captioned action pending a determination by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer the case to MDL 2036.

### BACKGROUND

This case is one of many recently filed class action lawsuits concerning overdraft fees assessed by banks on checking account customers. On June 10, 2009, the United States Judicial Panel on Multidistrict Litigation ("JPML") established *In Re Checking Account Overdraft Litigation*, 626 F. Supp. 2d 1333 (J.P.M.L. 2009) (hereinafter "MDL 2036"), and appointed United States District Judge James Lawrence King of the Southern District of Florida to preside over this multidistrict litigation proceeding. The Panel's

Order establishing MDL 2036 is attached to the *Affidavit of Seymour J. Mansfield* ("*Mansfield Aff.*") as Exhibit A.  The JPML created MDL 2036 to handle lawsuits filed in or removed to federal court involving claims related to the re-sequencing by banks of debit card transactions and related practices, and to ensure the consistent treatment of such related claims and actions.  To date, class actions against approximately thirty (30) banks have been coordinated in MDL 2036 for pre-trial proceedings.  Plaintiffs in this case filed a Notice of Potential Tag-Along Action with the JPML on September 17, 2010, alerting the JPML that this action is appropriate for centralization in MDL 2036.  *See Mansfield Aff.*, Exhibit B.

Similar to this action, all of the cases consolidated in MDL 2036 involve claims brought by current and/or former checking account customers seeking to recover, for themselves and all other customers similarly situated, overdraft fees improperly assessed by the banks to the customers' checking accounts based on debit card transactions.  Each of the actions alleges a similar set of facts, including, *inter alia*, the common practice of reordering or re-sequencing debit card charges from "largest to smallest" in order to maximize overdraft fee revenue for the banks.  Similar to this case, all of the operative Complaints assert claims based on legal theories of breach of contract, unconscionability, conversion, unjust enrichment, as well as violations of certain states' consumer protection statutes.  *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010) (Order Ruling On Motions to Dismiss) (*Mansfield Aff.*, Exhibit C).  Furthermore, the MDL 2036 transferee court has already made rulings on several motions to compel

arbitration, based on purported contractual provisions similar to those at issue in this case. *See In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK (S.D. Fla.), Orders to Deny Motions to Compel Arbitration, Dkt. Nos. 447, 592 (*Mansfield Aff.*, Ex. D); *see also id.*, Order Granting Motion to Compel Arbitration, Dkt. No 514 (*Mansfield Aff.*, Ex. E).

## ARGUMENT

This case should be stayed pending the JPML's determination whether to transfer this action to MDL 2036. A stay will prevent needless waste of time and resources of the parties and the Court. Moreover, it will guard against the potential for inconsistent rulings. If the action is not ordered consolidated by the JPML, Defendants will have suffered no prejudice as a result of the temporary stay requested here.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 620 U.S. 683, 706 (1997) ("The District Court has broad discretion to stay proceedings as incident to its power to control its own docket."); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, *1 (W.D.Ark. May 25, 2007). Under circumstances such as those present here, "stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources." *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at*1 (N.D. Ill. Nov. 12, 1999). *See also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay pending JPML determination, because "the purpose of such [MDL]

transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings.") Courts in this judicial district, as well as nationwide, have recognized that efficiency and uniformity demand the stay of an action pending the JPML's resolution of a motion to transfer and consolidate in an MDL proceeding. *See, e.g., In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708, 2008 WL 974923, *2 (D.Minn. Apr. 8, 2008) (discussing prior history of case); *Adams v. Tyson Foods, supra*.

As applied to this case, several reasons warrant a stay of further proceedings pending the JPMDL's determination.

First, Plaintiffs face a significant risk of inconsistent pretrial rulings and a waste of party resources if a stay is not granted. The stay requested would alleviate the risk of Plaintiffs being subjected to duplicative motions requirements and potentially conflicting or inconsistent rulings on pretrial matters prior to centralization in MDL 2036. For similar reasons, this District Court in 2004 granted a plaintiff's motion requesting a stay of a defendant's motion to dismiss (the functional equivalent of TCF's motion here to compel arbitration) pending an MDL panel's transfer decision. *Calder v. A.O. Smith Corp.*, No. Civ.04-1481, 2004 WL 1469370, *1 (D.Minn. June 1, 2004) (Tunheim, J.). Citing to the Manual for Complex Litigation § 31.131, at 252 (3rd ed. 2000) and 28 U.S.C. § 1407, Judge Tunheim observed: "Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." As noted above, the MDL Court in *In Re Checking Account Overdraft Litigation,* MDL 2036 has already ruled on

4

no less than **seven** motions equivalent to TCF's pending motion. *See Mansfield Aff.*, Exhibit D and Exhibit E.

Second, a stay will conserve judicial resources. The complexity of many of the factual and legal issues that are likely to arise in this case will "require the mastery of several procedural and substantive issues" that is best acquired by a single court to avoid the unnecessary expenditure of judicial resources. *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652-WS-C, 2007 WL 3287842, *1 (S.D.Ala. Nov. 5, 2007); *see also Louisiana Stadium and Exposition Dist. v. Financial Guar. Ins. Co.*, No. 09-235, 09-2738, 2009 WL 926982, 1 (E.D.La. Apr. 2, 2009) (waste of judicial resources weighed heavily in favor of a stay where "the Court would have to spend time familiarizing itself with the intricacies of a case involving complex financial transactions that will ultimately be heard by another judge."). As previously discussed, Judge King has presided over MDL 2036 for over 15 months, and thus has already mastered such complex factual and legal issues.

Third, the short requested stay – no longer than necessary for the JPML to rule on whether to transfer this action to the established MDL – will not significantly prejudice the Defendants here. *See Falgoust v. Microsoft Corp.*, No. CIV.A.00-0779, 2000 WL 462919, *2 (E.D.La. April 19, 2000) (granting stay where "[p]laintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision."). Furthermore, even if Defendants would be prejudiced by a brief stay, that minimal prejudice is offset by the obvious benefits of coordinated proceedings. *See, e.g., Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 n.5 (C.D.Cal. 1997) ("[E]ven if a

temporary stay could be characterized as a delay that would be prejudicial . . ., there are still considerations of judicial economy that outweigh any prejudice.")

To the extent there is concern about whether a case involving an arbitration agreement is appropriate for transfer under 28 U.S.C. § 1407, this question has twice been answered by the JPML in the context of the *In re Checking Account Overdraft Litigation*. *See In re Checking Account Overdraft Litig.*, 659 F.Supp.2d 1363 (J.P.M.L. 2009); *In re Checking Account Overdraft Litig.*, 2009 WL 3460951 (J.P.M.L. Oct. 13, 2009). Both Branch Banking & Trust Co. and SunTrust Bank moved to vacate the panel's motions for transfer. The JPML denied the motions, ruling that transfer of both actions was appropriate for the reasons originally stated in its first transfer order:

> (1) the Southern District of Florida was a proper Section 1407 forum for actions involving claims relating to the alleged improper imposition of bank checking account overdraft fees; and (2) while there are some unique questions of fact from bank-to-bank, all actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket. *See In re Checking Account Overdraft Litigation*, 626 F.Supp.2d 1333 (J.P.M.L. 2009). Accordingly, both actions now before the Panel clearly fall within the scope established by the Panel for this MDL docket.

*In re Checking Account Overdraft Litig.*, 2009 WL 3460951 (J.P.M.L. Oct. 13, 2009); *see also In re Checking Account Overdraft Litig.*, 659 F.Supp.2d 1363 (J.P.M.L. 2009). Specifically addressing the existence of arbitration clauses, the JPML found "[t]he question of the arbitrability of overdraft claims is already before the transferee court. Inclusion of [the pending action] will lead to the consistent and expeditious consideration of this threshold issue in [the pending action] and other MDL No. 2036 actions." *In re Checking Account Overdraft Litig.*, 2009 WL 3460951 at *1; *see also In re Checking*

*Account Overdraft Litig.*, 659 F.Supp.2d at 1364 (accord). Indeed, even in light of the MDL being temporarily stayed pending the *en banc* review of *Cappuccitti v. DirecTV Inc.*, No. 09-14107, 2010 WL 2803093 (11th Cir. July 19, 2010), the JMDL has continued to transfer actions down to the Southern District of Florida for consolidation – demonstrating the Joint Panel's steadfast dedication to the efficiencies and centralization policies ultimately served by the MDL process, despite there being a temporary stay in the MDL.[1] For these reasons, any concerns about the present case being appropriate for transfer should be allayed.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully move for an order temporarily staying proceedings in this action until the JPML determines whether to

---

[1] *Compare In re Checking Account Overdraft Litig.*, No. 1:09md02036, Doc 737, Order Suspending Briefing Deadlines (S.D. Fla. Aug. 2, 2010) with *In re Checking Account Overdraft Litig.*, MDL-2036, Pleading No. 284, Conditional Transfer Order (CTO-22) (J.P.M.L. Aug. 5, 2010) (transferring *Dee v. Bank of the West*) (*Mansfield Aff.*, Exhibit F); *In re Checking Account Overdraft Litig.*, MDL-2036, Pleading No. 287, Order Lifting Stay Of Conditional Transfer Order (J.P.M.L. Aug. 6, 2010) (lifting stay and ordering transfer of *Orallo v. Bank of the West*) (*Mansfield Aff.*, Exhibit G); *In re Checking Account Overdraft Litig.*, MDL-2036, Pleading No. 293, Conditional Transfer Order (CTO-24) (J.P.M.L. Aug. 16, 2010) (Conditional Transfer Order for *Johnson v. UMB Bank N.A.*) (*Mansfield Aff.*, Exhibit H); and *In re Checking Account Overdraft Litig.*, MDL-2036, Pleading No. 308, Conditional Transfer Order (CTO-25) (J.P.M.L. Sept. 9, 2010) (Conditional Transfer Order for RBC Bank and Bank of Oklahoma) (*Mansfield Aff.*, Exhibit I).

transfer this case to MDL 2036.

                                                      **MANSFIELD, TANICK & COHEN, P.A.**

Date:  September 22, 2010     By:    __/s Seymour J. Mansfield_____
                                                  Seymour J. Mansfield (#67271)
                                                  Marshall H. Tanick (#108303)
                                                  Charles A. Horowitz (#0294767)
                                                  1700 U.S. Bank Plaza South
                                                  220 South Sixth Street
                                                  Minneapolis, MN  55402-4511
                                                  (612) 339-4295
                                                  (612) 339-3161 (*facsimile*)

                                                  Richard J. Fuller (#32669)
                                                  Of Counsel
                                                  Douglas L. Micko (#299364)
                                                  **SCHAEFER LAW FIRM, LLC**
                                                  1700 U.S. Bank Plaza South
                                                  220 South Sixth Street
                                                  Minneapolis  MN  55402-4511
                                                  (612) 339-4295

                                                  Hassan A. Zavareei
                                                  Jeffrey Kaliel
                                                  **TYCKO & ZAVAREEI, LLP**
                                                  2000 L Street, N.W., Suite 808
                                                  Washington, D.C. 20036
                                                  (202) 973-0900
                                                  (202) 973-0950 *facsimile*
                                                  *[Pro Hac Vice Motion to Follow]*

                                                  Burton H. Finkelstein
                                                  Tracy D. Rezvani
                                                  Eugene J. Benick
                                                  **FINKELSTEIN THOMPSON LLP**
                                                  1050 30th Street, N.W.
                                                  Washington, D.C. 20007

                                                  **ATTORNEYS FOR PLAINTIFFS**
                                                  **KIMBERLY PELLETT**
**#563829**                                               **AND CHELSEA HILL**